UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CELESTINO BAUTISTA SANTIAGO,

     *Petitioner,*

v.                            Case No. 3:25-cv-1532-JEP-LLL

RONNIE WOODALL, et al.,[1]

     *Respondents.*
_____/

## ORDER

Through counsel, Petitioner, a now-former detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to release him or alternatively, provide him with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). (Doc. 1). On April 20, 2026, the Federal Respondents filed a notice advising that ICE had released Petitioner on March 16, 2026, into the custody of the Sheriff of Sumter County, Florida for state prosecution. (Doc. 15). Thereafter, the Court directed Petitioner to show cause why this action should not be dismissed as moot in light of his release from ICE custody. (Doc. 16). Petitioner filed a response

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin and Todd Blanche are automatically substituted for Kristi Noem and Pamela Bondi, respectively.

arguing that this action is not moot because his "current release is limited to the purpose of criminal prosecution and does not represent any meaningful change in his custodial status" and "[i]t is highly likely that he will be returned to immigration detention immediately after those proceedings conclude." (Doc. 18 at 2). He also argues that "[t]his case presents an issue that is capable of repetition, yet evading review." (*Id.* at 3 (emphasis omitted)).

"As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody. . . . Ultimately, the burden remains on the petitioner to establish that his case still presents a live 'case or controversy' by demonstrating that a collateral consequence of his imprisonment persists after his release." *Djadju v. Vega*, 32 F.4th 1102, 1106-07 (11th Cir. 2022) (internal quotations and citations omitted). "The fundamental question is whether events have occurred that deprive [this Court] of the ability to give [Petitioner] meaningful relief." *Id.* at 1107.

Here, Petitioner asks the Court to order his immediate release from ICE custody or alternatively, direct Respondents to provide him with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). But Petitioner is no longer in ICE custody; thus, the Court cannot provide him with the relief he seeks. And Petitioner's contention that he may be re-detained following his criminal prosecution is entirely speculative. However, should that occur, Petitioner may re-file his claims in a new case.

Therefore, it is **ORDERED**:

1. This action is **DISMISSED as moot**.

2. The Clerk is **DIRECTED** to enter judgment dismissing the action as moot, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on May 8, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

3